# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ANTHONY MARK WHITE, )
)
    Petitioner, )
)
v. ) CV416-260
)
JOSE MORALES, et al., )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner Anthony White is incarcerated at Coastal State Prison in the State of Georgia. Invoking 28 U.S.C. § 2254, Petitioner seeks the dismissal of a detainer lodged against him by South Carolina officials. He alleges a denial of his rights under the Interstate Agreement on Detainers Act (IADA),[1] as well as a violation of the "Speedy Trial Act," the Sixth Amendment, and some unspecified statute of limitations.

---

[1] The IADA "establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that prisoner to trial." *Cuyler v. Adams*, 449 U.S. 433, 436 n. 1 (1981). Under the Act, the prisoner himself may initiate his transfer to the "receiving state" -- *i.e.*, to the jurisdiction seeking his further prosecution -- or challenge such a transfer initiated by that state. *Id.* at 443-44, 449-50.

The IADA is a congressionally sanctioned interstate compact which establishes a procedure for a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint" that is the basis of a detainer lodged against him by another state. If the prisoner makes such demand, this section requires the authorities in the prosecuting state to bring the person to trial within 180 days, or else that court must dismiss the indictment, information, or complaint, and the detainer will cease to be of any force or effect. The IADA requires a prisoner to "cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." IADA, art. III(a).

White's § 2254 petition is deficient. First, he has filed for federal habeas relief in the district of his incarceration, which is the wrong venue for asserting a violation of the statutory speedy trial right. 28 U.S.C. § 1406(a). *See Carchman*, 473 U.S. at 722. Venue lies in the prosecuting state which lodged the detainer against him, South Carolina. Assuming he has fully exhausted the state remedies provided by the IADA, petitioner should refile his petition in the District Court of the

District of South Carolina (the federal district where his state prosecution is pending).[2]

Second, the IADA requires written notice of the place of imprisonment and request for a final disposition to be delivered through the official having custody of the prisoner to the prosecuting officer in the receiving state (South Carolina). *Id.*, art. III(b). It is unclear from the petition whether White followed these requirements, thereby bringing the "timely trial" provisions of the IADA into play. *See* doc. 2 at 3 (letter from South Carolina public defender informing him of the procedure for challenging the South Carolina detainer). It is further unclear whether the State of South Carolina failed to bring Petitioner to trial within the 180 day period required by the IADA. This information is necessary before any court can assess the merits of White's claim.

---

[2] White is cautioned, however, that he may not pursue federal habeas relief until he has first exhausted his available state remedies. 28 U.S.C. § 2254(b); *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973) (a state prisoner must first exhaust all available state remedies before filing a federal habeas petition); *Norton v. Parke*, 892 F.2d 476, 479 (6th Cir. 1989) (prisoners must pursue the remedies provided by the IADA before seeking federal habeas relief). His petition does not indicate he has satisfied this exhaustion requirement, or that circumstances rendered the exhaustion process ineffective. *See Smith v. Elo*, 23 F. App'x 310, 315 (6th Cir. 2001) ("Federal habeas review of alleged [IADA] violations is limited . . . to error constituting a 'fundamental defect' resulting in a 'complete miscarriage of justice' or 'an omission inconsistent with rudimentary demands of fair procedure.'") (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

Accordingly, Petitioner Anthony White's habeas petition[3] should be **DENIED** without prejudice to his refiling in an appropriate venue.

**SO REPORTED AND RECOMMENDED,** this   20th   day of October, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] It is worth noting that remedies other than habeas relief may be available to petitioner if he seeks to refile his case in a district court in the State of South Carolina. There is a split over the question of an IADA violation's cognizability on habeas, and it has been suggested that a sending State's failure can be better addressed through a suit under 42 U.S.C. § 1983 or a mandamus action. *See, e.g., Fex v. Michigan*, 507 U.S. 43 n. 1 (1993). *See also Phillips v. Jarrell*, 281 F. App'x 885, 886 (11th Cir. 2008) (IADA violations "are not cognizable in habeas proceedings absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process").